**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**RUDOLPH ISHEE AND
PAULA ISHEE**                                                                                    **PLAINTIFFS**

**VERSUS**                                                **CIVIL ACTION NO. 2:05cv129KS-MTP**

**LIBERTY NATIONAL LIFE
INSURANCE COMPANY**                                                                **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion for Summary Judgment **[#45]** filed on behalf of the defendant. The court, having reviewed the motion, the response, the briefs of counsel, the authorities cited and the pleadings and exhibits on file, and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

**FACTUAL BACKGROUND**

This case arises from the purchase of a Liberty National Insurance Cancer Policy (the "Policy") which was initiated when the plaintiff, Rudolph Ishee filled out an application on April 27, 1995. The policy was issued as a family policy in the name of his wife, plaintiff Paula Ishee, and became effective on May 1, 1995, even though Paula Ishee did not sign the application. The parties agree that Randy Lee was the agent for Liberty National Insurance during the transaction but Sandra Lindsey was a trainee agent allegedly involved in the original sale and is the one who signed the application

as the soliciting agent. Lee and Lindsey were both originally defendants in this action but were dismissed by Order of October 31, 2005.

This action was instituted on February 17, 2005, by the plaintiffs filing their complaint in the Circuit Court for the Second Judicial District of Jones County, Mississippi asserting a number of state law causes of action against Liberty National and the two agents. As to the defendant Liberty National, the plaintiffs contend that misrepresentations were made to them at the time of the sale (in 1995) with respect to the policy's benefits, and that Liberty National didn't refund their premiums when they requested their return roughly nine years later. The plaintiffs also charge that Liberty National never provided a policy to them. The plaintiffs seek compensatory damages in the amount of $50,000.00 and punitive damages in the amount of $10,000,000.00.

Liberty National timely removed the action to this court based on the alleged improper joinder of Lee and Lindsey, whereupon the plaintiffs moved to remand. Lee and Lindsey then moved for dismissal, which was granted on October 31, 2005, along with a denial of the motion to remand. The parties have completed discovery and now Liberty National has moved for summary judgement on all of the plaintiffs' claims. The defendant's primary contention is that the statute of limitations for the prosecution of these claims expired prior to the filing of this action. The court finds that resolution of this issue is dispositive of the case.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment

where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of

law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence'

demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (*quoting Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **STATUTE OF LIMITATIONS/FRAUDULENT CONCEALMENT**

The sale of the policy at issue in the present case occurred in 1995 but suit was not filed until 2005. The parties agree that the appropriate statute of limitations for the bringing of this action is contained ind to Miss. Code Ann. § 15-1-49(1), which provides:

> All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

The defendant contends that the limitations period for the bringing of this action expired in 1998, three years after the issuance of the policy. Indeed, the Mississippi Supreme Court in *Dunn v. Dent*, 169 Miss. 574, 153 So. 798, 798 (1934), held that a

cause of action for fraudulent representation "accrues upon the completion of the sale induced by such false representation, or upon the consummation of the fraud."

However, the plaintiffs contend that the fraudulent misrepresentations were concealed from them until 2004 and contend that the limitations period was tolled until they discovered their claims. They are correct that "[c]laims asserted three years after their accrual may be actionable if they were fraudulently concealed and Plaintiffs could not discover them with reasonable diligence. In that event, the limitations period begins to run when the claims are discovered." *Ross v. Citifinancial, Inc.* 344 F.3d 458, 463 (5th Cir. 2003). This so-called "discovery rule" in fraud cases is codified in Miss. Code Ann. § 15-1-67, which provides:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

The burden of proof is upon the plaintiffs to prove that the statute of limitations was tolled. *Gulf Nat'l Bank v. King*, 362 So.2d 1253, 1255 (Miss. 1978), *Hall v. Dillard*, 739 So.2d 383, 387-88 (Miss. App. 1999). Therefore, in order to toll the limitations period to survive summary judgment, the plaintiffs must offer proof of a genuine issue of material fact that Liberty National engaged in an affirmative act of concealment and that they (the plaintiffs) acted with due diligence to discover their claims but were unable to do so. *See Robinson v. Cobb*, 763 So.2d 888 (Miss. 2000).

The Mississippi Supreme Court in *Cherry v. Anthony, Gibbs, Sage*, 501 So.2d 416, 419 (Miss. 1987), held that knowledge of unambiguous provisions of a policy is imputed to insureds, even if they do not read the policy. A plaintiff "may not neglect or

purposely omit acquainting himself with the terms and conditions of the insurance policy and then complain of his ignorance of them." *Gulf Guaranty Life Ins. Co. v. Kelley*, 389 So.2d 920, 922 (Miss. 1980).  However, to satisfy their burden of proof on the tolling issue, the plaintiffs contend that they were not furnished a copy of the policy until they requested it in 2004 and that after reading it and discovering what they considered to be misrepresentations, they filed suit in a timely manner.

The policy was in effect for more than nine years when the plaintiffs requested a copy of it.  They have testified by deposition that they did not remember getting a copy of it when it was issued in 1995.  However, Randy Lee, the agent, testified unequivocally that he personally delivered the policy in 1995, as was his standard practice and as was required by the company.  The plaintiffs paid the premiums on the policy in the name of Paula Ishee by bank draft until 2002 when they converted it to a direct monthly pay and have continued paying monthly to the present time.  Based on the facts before the court, it is unreasonable to conclude that the plaintiffs were reasonably diligent in discovering the fraud which they have alleged was perpetrated upon them when the policy was issued in 1995.

The alleged fraud by the defendant, if any existed, occurred concurrently with the issuance of the policy in 1995 and the plaintiffs have not offered any proof of "an affirmative act of fraudulent concealment post-completion of the insurance sale in order to toll the statute of limitations." *Ross v. Citifinancial, Inc.*, 344 F.3d at 364.  Without this requisite showing, the limitations period for the filing of the plaintiffs' claims expired in May 1998, three years post-issuance of the policy.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary

Judgment **[#45]** filed on behalf of the defendant is Granted and the plaintiffs' Complaint is dismissed with prejudice and that all other pending motions are dismissed as moot.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 30th day of August, 2006.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE